# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ZHOU HONG QIU,<br><br>               Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, TODD M.<br>LYONS, and DALE SCHMIDT,<br><br>               Respondents. | Case No. 26-CV-520-JPS<br><br><br>**ORDER** |

## 1.     INTRODUCTION

Petitioner Zhou Hong Qiu ("Petitioner") is in the legal custody of Immigration and Customs Enforcement ("ICE") and is incarcerated at Dodge Detention Facility in Wisconsin, where Respondent Dale Schmidt[1] is his physical custodian. ECF No. 1 at 2–3. He argues that his continued detention is unlawful and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 2, 7. He seeks both immediate release from custody as well as "an order directing Respondent[s] not to move [him] out of [the] Eastern District of Wisconsin." *Id.* at 7. This Order screens the petition.

---

[1]Petitioner named his physical custodian as a John Doe respondent. ECF No. 1 at 1. Sheriff Dale Schmidt oversees the Dodge County Jail and Detention Facility. *See Leadership Team*, DODGE CNTY. SHERIFF'S OFF., https://www.dodgecountysheriff.com/about/leadership-team (last visited Apr. 3, 2026). Dale Schmidt is therefore the proper Respondent. *See* 28 U.S.C. § 2242. The Court will direct the Clerk of Court to update the docket accordingly. *See* FED. R. CIV. P. 25(d).

Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS") and Respondent Todd Lyons is the Director of ICE, an agency of DHS. *See* ECF No. 1 at 2–3.

## 2. SCREENING STANDARD

The Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with any applicable statute of limitations, exhausted available administrative remedies and avoided procedural default if applicable, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

## 3. FACTS

The following relevant facts are drawn from the petition, ECF No. 1, and accepted as true for the purposes of screening; pinpoint citations to the

petition are omitted except where material is quoted directly. The Court has added contextualizing legal information where appropriate.

Petitioner is a native and citizen of China. He came to the United States many years ago. An immigration judge in New York City issued a removal order against him on May 9, 2002. He appealed, and the Board of Immigration Appeals ("BIA") dismissed his appeal on September 26, 2003. Petitioner avers that his removal order became final on September 26, 2003; the Court presumes that he did not seek judicial review of the removal order after the conclusion of his BIA appeal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay.").

Petitioner does not state whether he was detained, subject to supervision, and/or determined to be a risk to the community at any point after his removal order was issued in September 2003. *See* 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . [(] the "removal period"); *id.* at § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *id.* at § 1231(a)(3) ("If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."); *id.* at § 1231(a)(6) ("An alien ordered removed . . . who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal[] may be detained beyond the removal period . . . .").

Petitioner was arrested by ICE on or about December 22, 2025. Petitioner states that "Respondents do not possess an arrest warrant to

arrest Petitioner."[2] ECF No. 1 at 4. Prior to the arrest, he had not received any prior notice from Respondents that he would be arrested, detained, or removed from the United States. He has been in detention since his arrest.

According to Petitioner, Respondents do not know when Petitioner will be removed from the United States, and have no intention to release him from detention until he is removed.

Petitioner has no criminal history in the United States. He owns a restaurant in De Pere, Wisconsin. Petitioner's wife is a United States citizen and they have three children together, all born in the United States and all currently in school. Since 2016, Petitioner's wife has been diagnosed with severe depression and is currently being treated by a psychiatrist for depression and anxiety. She relies on Petitioner for emotional support and for reminders to adhere to her medication regimen.

**4.      LAW & ANALYSIS**

Petitioner contends that his December 2025 arrest and ongoing detention in ICE custody are unlawful for three reasons:

- Respondents "failed to comply with the statutory requirements of 8 U.S.C. § 1231";
- Petitioner's detention violates the prohibition on indefinite detention articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001); and
- Petitioner's arrest after the expiration of the 90-day removal period violates his Due Process rights.

ECF No. 1 at 5–7.

An alien detainee may seek relief under 28 U.S.C. § 2241 if he believes that his custody is "in violation of the Constitution or laws . . . of

---

[2]Petitioner does not state whether the specific ICE agents who arrested him had or presented a warrant for his arrest.

the United States." Petitioner has raised both statutory and constitutional challenges to his ICE detention. At this stage, the Court cannot say that any of these challenges appear frivolous or non-cognizable in habeas corpus proceedings. The Court also cannot conclude at this stage that the petition is untimely.

Petitioner does not state whether he has exhausted his administrative remedies as to each claim, but the Court cannot say at this stage that exhaustion is required, so will not dismiss the petition on this basis. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not statutorily required for § 2241 petitions, but may be required at the district court's discretion, and that exhaustion may be required for certain immigration-related claims (citing *McCarthy v. Madigan*, 503 U.S. 140, 140 (1992), *superseded on other grounds by statute*).

Because Petitioner's claims survive screening, the Court will order Respondents[3] to respond to the petition. 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). Due to the large number of habeas petitions that have been filed in this District, the Court finds good cause to extend Respondents' time to respond. *See id.* (requiring response within "three days unless for good cause additional time, not exceeding twenty days, is allowed"). Respondents shall respond to the petition within **ten (10) days** of this Order.

---

[3]It is unclear which Respondent(s) are appropriately sued in this case. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). To the extent Respondents believe that any Respondent is improperly named, or wish to challenge the Court's preliminary findings above, they should address these issues in their response to the petition.

Finally, the Court addresses some of Petitioner's requested relief. At one point he requests "emergency injunctive relief prohibiting ICE from removing him from the United States." ECF No. 1 at 1. Separately, he requests that the Court order Respondents not to move him out of the Eastern District of Wisconsin. *Id.* at 7. Both requests are presumably aimed at ensuring that the Court does not lose jurisdiction over his petition. *See* 28 U.S.C. § 2241(d) ("[T]he [petition] may be filed in the district court for the district wherein such person is held in custody . . . ."). Although Petitioner has failed to move for emergency relief on either basis, the Court has noted his requests and will direct Respondents to confer with DHS and determine whether it will agree not to remove Petitioner from the United States or from the Eastern District of Wisconsin while this petition remains pending. Within **five (5) days** of this Order, Respondents shall file a status report on the docket noting DHS's response to the above inquiry.

**5.  CONCLUSION**

The Court will permit Petitioner to proceed on his asserted claims for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall effect service of the petition and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

**IT IS FURTHER ORDERED** that Respondents shall confer with the Department of Homeland Security as stated herein and, within **five (5) days** of this Order, file a status report on the docket noting DHS's response; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

Case 2:26-cv-00520-JPS    Filed 04/03/26    Page 6 of 8    Document 3

1.      Within **ten (10) days** of receipt of service of the petition, Respondents shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.      If Respondents file an answer, then the parties should abide by the following briefing schedule:

a.      Petitioner shall have thirty (30) days after the filing of Respondents' answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b.      Respondents shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within thirty (30) days of service of Petitioner's brief, or within forty-five (45) days from the date of this order if no brief is filed by Petitioner.

c.      Petitioner may then file a reply brief, if he wishes to do so, within ten (10) days after Respondents have filed a response brief.

3.      If Respondents file a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a.      Petitioner shall have thirty (30) days following the filing of Respondents' dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b.      Respondents shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondents must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge